J. L. CRISS, Appellee, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

Railroads: KILLING OF STOCK: EVIDENCE CONFLICTING: VERDICT NOT DISTURBED.

*Appeal from Sac District Court.*—HON. C. D. GOLDSMITH, Judge.

THURSDAY, MAY 25, 1893.

ACTION at law to recover the value of a horse killed on a public crossing of the defendant's railroad by one of the defendant's engines while in the operation of the road. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*J. C. Cook* and *W. A. Helsell,* for appellant.

*Elwood & Zane,* for appellee.

ROTHROCK, J.—I. There is no dispute as to the killing of the horse. He was struck by an engine on the crossing of a public road over the defendant's railroad. It is claimed by the plaintiff that the collision with the horse was occasioned by reason of a defective crossing. The alleged defect consisted in allowing the opening between the plank in the crossing and the rails of the track to be so wide that the horse, in crossing the track, crowded his foot in the opening and was unable to remove it, and was pinioned there until struck by the engine. The theory of the defendant is that the animal attempted to cross the track in front of the engine, and at the same time, and that his foot was crowded or pushed into the opening by the collision. It is conceded that the horse was carried some distance from the point of contact with the engine, and that one of his hoofs was pulled off, and found wedged between the plank and the rail.

There are only two real questions in the case. The first is, was there sufficient evidence to authorize a finding that the horse was struck by reason of having his foot in the opening. It is true that the train men testified as witnesses that the meeting of the horse and the engine was simultaneous, and that he was not fast in the track; but there is other evidence to the effect that the horse stopped when it came on the track, and "had plenty of time to get across;" that it was standing on the crossing when it was struck. This was a question for the jury to determine, and, in view of the claim that the foot was forced between the plank and the rail by the collision, no court would be justified in disturbing the finding.

The next question is, was the opening between the rail and the plank so wide as to authorize a finding that the defendant was negligent in permitting it to be in that condition? Here, again, there is conflict in the evidence. The testimony of the witnesses as to the width of the opening put it at from two and one-half to three and one-half inches. Others

stated that, at the place where the hoof was wedged in, the opening was as wide as the breadth of their hands. Others stated that the opening was so wide as to attract their attention when driving over the crossing, and induce them to avoid the widest part of it; and the testimony of a civil engineer gives three inches as the limit in width of a properly constructed crossing. Our conclusion is, that the verdict finds sufficient support in the evidence.

II. Exceptions were taken to certain paragraphs of the charge to the jury, and to the refusal to give certain instructions at the request of the defendant. We discover no error in the charge. It fairly presented every material question in the case; and some of the instructions asked and refused were in effect given in the charge of the court. Others were rightly refused because they were argumentative, and not proper to be given. It is sufficient to dispose of these questions in this general way. A mere statement of the questions raised would show that there was no error in the matter of rulings on questions of law. AFFIRMED.